## ELY, USE, &c. v. WITHERSPOON.

1. In expounding a contract, the intention of the parties, to be gathered from a view of all its parts, the subject matter, time, place and manner of performance, must exert a controlling influence.

2. The defendant made his promissory note, by which, about twenty-seven months after date he promised to pay to plaintiff, as attorney, &c., of the Connecticut Asylum, &c., "at Hartford, for the education and instruction of the deaf and dumb, the sum of three thousand three hundred and thirty-nine dollars and eighteen cents, at the Mechanics' Bank, in the city of New York, with lawful interest from date till paid, (but if the principal sum shall be punctually paid when due, then, in that case and not otherwise, the interest is to be deducted,) value received, Tuscaloosa, State of Alabama, 3d February, 1841." Held that the fair intendment is, that the contract, which occasioned the making of the note, required the payment of interest from its date, but the high rate of exchange (of which, the history of the times afford ample evidence,) on the North Eastern cities, and the risk in effecting a remittance thither, induced the payee to agree to remit the interest, if payment was promptly made. And the defendant not having paid the principal at maturity, was liable to pay interest from the date of the note.

THIS was an action of debt brought by the defendant in error, against the plaintiff in the Circuit Court of Greene, on a promissory note of the following tenor :

"$3339 18. On the first day of May eighteen hundred and twenty-three, we jointly and severally, promise to pay William Ely or order, as attorney and agent of the Connecticut Asylum, for the education and instruction of deaf and dumb persons, otherwise, called the American Asylum, at Hartford, for the education and instruction of the deaf and dumb, the sum of three thousand three hundred and thirty-nine dollars and eighteen cents, at the Mechanics' Bank, in the city of New York, with lawful interest from date till paid (but if the principal sum shall be punctually paid when due, then, in that case and not otherwise, the interest is to be deducted,) value received, Tuscaloosa, State of Alabama, 3d February, 1841.

"SAM'L. WITHERSPOON, [Seal.]
"JOHN .W STEPHENSON, [Seal.]

"CHARLES LEWEN,"
"WM. THOMAS."

The cause being submitted to the jury, a question arose as to the measure of damages, to which the plaintiff below was entitled in consequence of the detention of his debt. Whereupon, " the Court charged the jury, that the plaintiff was only entitled to interest from the maturity, and not from the date of the instrument;" to which charge, the plaintiff excepted, &c.

The jury having found a verdict in obedience to the instructions of the Court, and judgment being thereon rendered, the plaintiff has prosecuted a writ of error to this Court.

COLLIER, C. J.—In Dinsmore v. Hand, Minor's Rep. 126. It was decided, that where a party makes his promissory note, payable at a future day, with interest from the date, if not punctually paid, the interest accruing between the date and its maturity, must be regarded as a penalty, and is not recoverable. This case has been recognized in several subsequent adjudications. [Fuqua & Hewitt v. Carriel & Martin, Minor's Rep. 170.—Henry & Winston v. Thompson, et. al. ibid. 209.] These cases are confessedly controlled by the principle, which maintains, that where payment of a less sum is secured by a greater, the latter is a penalty. The Court cite with approbation, the doctrine, that the damages are to be considered as stipulated, " where there is a clear, unequivocal agreement, which stipulates for the payment of a certain sum, as a satisfaction, fixed and agreed upon by the parties for doing, or not doing, certain acts expressed in the agreement."

In Plummer v. McKean &. McKean, 2, Stewt Rep. 423. it appears that the defendants made their bill single, for the payment, to the plaintiff, of two thousand dollars at a future day; which sum was dischargeable by the payment of sixteen hundred dollars "in par money, at New Orleans." The Court adhered to the principle, which influenced the decision of the cases cited from Minor's Reports; but considered that the case then under consideration, formed an exception to it; and that it might be inferred from the phraseology of the contract, the distance of the place where the money was to be paid, the difference of exchange, and the advantage of prompt payment by the obligee, that two thousand dollars was the debt actually due. And in Jordan v. Lewis, 2. Stewt Rep. 429. The ques-

tion was, what sum was recoverable on a promissory note, for the payment of forty-one dollars and twenty-five cents, on the 25th December, at the close of which note, were the following words: "If paid October 1st., thirty-three dollars is to satisfy this note." The court held, that this agreement "was a benefit to both parties, and therefore, not a penalty; a benefit to the payee to receive his money before it was due, and a benefit to the payor in discharging the debt by the payment of a less sum;" and the maker not having availed himself of the benefit tendered, he was adjudged liable to pay the note, with interest after its maturity.

[Nichols v. Maynard, 3. Atk. Rep. 520.] is considered a leading case on this subject. There it appears, a mortgage was executed at four and a half *per cent.*, with a proviso, that if the interest be paid after each half year, before three-quarters of a year became due, the mortgagee would accept of four *per cent.* The Lord Chancellor, Hardwicke said that, "as the mortgage is at four and a half *per cent.*, with a proviso, that if the interest be paid after each half year, before three-quarters of a year became due, the mortgagee will accept of four *per cent.*; if the mortgagor fails of paying the interest at the appointed time, he cannot be relieved in this Court, any more than on any other composition between parties, because, the abate of half *per cent.* by the mortgagee, was for prompt payment; and the terms of the agreement not being complied with, the mortgagee and his representative are entitled to interest at four and a half *per cent.* But if the mortgage had been made with a reservation of four per cent. interest, with a proviso, that, upon non-payment thereof, within a certain time after it is due, the mortgagor shall pay five *per cent.*, such a proviso would not be good, as has been determined several times; because where the interest is to be increased, if not paid at the day, that is but a *nomine pœnæ*, and relievable in equity." Mr. Sanders, the learned editor of Atkyns, cites Jory v. Cox. Prec. Cha. 160. Brown v. Barkham, 1. P. Williams' Rep. 652. Walmesley v. Booth. Barn. Cha. Rep. 481. Holley v. Wyse. Vern. Rep. 289. Strode v. Parker, 2. Vern. Rep. 316. Hallifax v. Higgons 2. Vern. Rep. 134. I have looked into the case of Bonafous v. Rybot, 3. Bun. Rep. 1374. and

find that it fully sustains the distinction taken by Lord Hardwicke in Nichols v. Maynard.

It is exceedingly difficult, to lay down rules of *universal application*, by which to ascertain whether a contract stipulates damages, or merely provides a penalty as a means of securing the performance of some duty.   It has been said there can be no settled rule depending on the form of the contract; otherwise, parties by framing their contracts, in compliance with the form, could easily convert a real penalty into stipulated damages; and, in the language of a learned and very exact Judge, "the griping creditor would always use the particular form, or phraseology, of contract, which would secure him his pound of flesh." In expounding a contract, the intention of the parties, to be gathered from a view of all its parts, the subject matter, time, place, and manner of performance, must exert a paramount and controlling influence; and it is by a reference to these, that its general character is to be determined, and its classification fixed.

In the case at bar, the defendant in error expressly stipulates for the payment of interest, from the date of his note, and on a day certain, promises to pay the principal and interest in the city of New York, a place near that, where the association, who is entitled to the money, is located.   The fair intendment is, that the contract, which occasioned the making of the note, required the payment of interest from its date; but that the high rate of exchange (of which we are informed by the history of the times) on the north-eastern cities of the union, and the risk in effecting a remittance thither, induced the payee to agree to remit the interest, if payment was promptly made. Upon this hypothesis, the plaintiff must have derived a benefit from a punctual payment in New York, perhaps equivalent to the amount of interest which had accrued previous to the maturity of the note.   But if he is only allowed to recover the note with interest since it became due, then he must remit the amount at his own cost and risk, and although by the terms of his contract, he had secured himself against such a result.

We will not inquire whether the note does not amount to an absolute stipulation, on the part of the maker, to pay the amount expressed in it, with interest from date; and whether

the agreement by the payee to remit the interest, upon payment being promptly made, is not a condition in the contract, not at all changing the makers liability, unless it was literally performed. The intention of the parties, we think, is sufficiently shewn by the circumstances we have mentioned; and unless payment had been tendered at the time and place designated, no abatement of interest can be claimed by the defendant in error.

We are therefore of opinion that the judge of the Circuit Court erred in his instructions to the jury. The judgment is consequently reversed, and, inasmuch as the rate of interest in New York can only be ascertained by a jury, the cause is remanded.